**The STATE of Utah in the interest of R.J.Z., a person under eighteen years of age.**

**No. 21011.**

Supreme Court of Utah.

April 20, 1987.

Jack C. Helgesen, Ogden, for appellant.

David L. Wilkinson, Atty. Gen., Diane Wilkins, Asst. Atty. Gen., Salt Lake City, Donald C. Hughes, Weber Co. Atty., Ogden, for respondent.

DURHAM, Justice:

A juvenile court judge adjudicated R.J.Z. a delinquent pursuant to U.C.A., 1953, § 78–3a–16(1)(a) (Supp.1986), which confers exclusive original jurisdiction on the juvenile court in proceedings "concerning any child who has violated any federal, state, or local law or municipal ordinance." R.J.Z. appeals, contending that the trial court erred in interpreting the criminal statute pertaining to defense of habitation. U.C.A., 1953, § 76–2–405 (Supp.1986). We vacate and remand.

A petition dated September 3, 1985, was filed in the Second District Juvenile Court, alleging that R.J.Z., a seventeen-year-old boy, was delinquent and subject to the court's jurisdiction. The petition was filed on the basis of two allegations of attempted criminal homicide. R.J.Z. was tried on September 24, 1985. He did not deny stabbing the two victims, but raised the defenses of self-defense, defense of others, and defense of habitation. The judge, in oral findings on the record, determined that the State had failed to prove beyond a reasonable doubt that R.J.Z. had the requisite intent for the offense of criminal homicide. The court further found, however, that R.J.Z. had committed the lesser included offense of aggravated assault. Although R.J.Z. raises several claims of error in the trial below, our analysis requires only that we address the issue of whether the trial court erred in interpreting U.C.A., 1953, § 76–2–405 (Supp.1986), pertaining to defense of habitation.

The intoxication of the victims and witnesses at the time of the offense and the equivocal nature of much of the testimony make an accurate determination of the facts in this case difficult. R.J.Z. and another youth argued at a party on the morning of August 17, 1985. The testimony as to who provoked the altercation is contradictory. In any event, R.J.Z. went home immediately after the confrontation. The young man with whom R.J.Z. had argued and four other juveniles arrived at R.J.Z.'s home at approximately 3:30 a.m., about thirty minutes after R.J.Z.'s arrival, and approached the front door of the residence.

R.J.Z., the victims, and the other people present in R.J.Z.'s home fought. In the fray, R.J.Z. stabbed the young man with whom he had argued and one of the juveniles who accompanied the young man to R.J.Z.'s home. After reviewing the contradictory evidence, the trial judge found that the victims were inside R.J.Z.'s home at the time of this fight. The trial court specifically declined, however, to make a finding as to whether the entry into R.J.Z.'s home was "forcible."

As we have said, this case turns on an analysis of Utah's statute dealing with defense of habitation, U.C.A., 1953, § 76–2–405 (Supp.1986). The statute reads as follows:

(1) A person is justified in using force against another when and to the extent that he reasonably believes that the force is necessary to prevent or terminate the other's unlawful entry into or attack upon his habitation; however, he is justified in the use of force which is intended or likely to cause death or serious bodily injury only if:

(a) the entry is made or attempted in a violent and tumultuous manner, surreptitiously, or by stealth, and he reasonably believes that the entry is attempted or made for the purpose of assaulting or offering personal violence to any person, dwelling, or being in the habitation and he reasonably believes that the force is necessary to prevent the assault or offer of personal violence; or

(b) he reasonably believes that the entry is made or attempted for the purpose of committing a felony in the habitation and that the force is necessary to prevent the commission of the felony.

(2) The person using force or deadly force in defense of habitation *is presumed for the purpose of both civil and criminal cases to have acted reasonably and had a reasonable fear of imminent peril of death or serious bodily injury if the entry or attempted entry is unlawful and is made or attempted by use of force, or in a violent and tumultu-*

*ous manner,* or surreptitiously or by stealth, or for the purpose of committing a felony.

U.C.A., 1953, § 76–2–405 (Supp.1986) (emphasis added).

■ R.J.Z. argues that his use of force in the fight at his home was justified by U.C.A., 1953, § 76–2–405(1)(a) or (1)(b). In order to avail himself of the justification provided by section 76–2–405(1), the defendant must have had a reasonable belief that the force was necessary. We interpret the term "reasonable" to mean objectively reasonable. In order to be justified in using deadly force, certain other requirements must be met. If the entry is a violent or surreptitious one, the defendant must have had a reasonable belief that the entry was made for the purpose of committing a violent act. Further, the defendant must reasonably believe that the force used was necessary to prevent the violence. The defendant would also be justified in using deadly force if he had a reasonable belief that the entry was for the purpose of committing a felony and that the force used was necessary to prevent the felony from being committed.

In 1985, the legislature amended section 76–2–405 to add the language now found in section 76–2–405(2). This amendment became effective on April 29, 1985. 1985 Utah Laws ch. 252. After considering the language and the legislative history of this amendment, we are persuaded that the legislature intended that a legal presumption of reasonableness would arise whenever an entry is "unlawful" and "made or attempted by use of force, or in a violent and tumultuous manner, or surreptitiously or by stealth, or for the purpose of committing a felony." U.C.A., 1953, § 76–2–405(2) (Supp.1986).

■ The trial judge refused to make a finding as to whether the entry in this case was unlawful and forcible. We hold that such a finding is essential to the proper application of section 76–2–405.[1] The first

---

**1.** We note that under U.C.A., 1953, § 78–3a–39 (Supp.1986), factual findings regarding jurisdiction are not required when the juvenile falls

under section 78–3a–16(1) (section 78–3a–39 should undoubtedly refer to section 78–3a–16(1)(a), in keeping with the 1985 amendment

step in deciding whether any defendant is justified under section 76–2–405 is to determine what burden of proof the defendant and the State are respectively required to carry. It is impossible to allocate the burden of proof without first determining whether the defendant is entitled to the statutory presumption.

In view of the foregoing, we vacate the trial court's finding of delinquency and remand this case for factual findings as to whether the entry into R.J.Z.'s home was unlawful and forcible, or otherwise qualifies under U.C.A., 1953, § 76–2–405(2) for a legal presumption of reasonableness, and a new determination regarding jurisdiction of the juvenile court based on such findings.

HALL, C.J., STEWART, Associate C.J., and HOWE and ZIMMERMAN, JJ., concur.

of section 78–3a–16). The findings we are requiring in this opinion are not jurisdictional findings, but rather findings relating to the application of an affirmative defense to criminal charges.