**2022 UT 5**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH,
*Respondent*,

*v.*

ROBERT SORBONNE,
*Petitioner.*

No. 20200410
Heard October 12, 2021
Filed February 3, 2022

On Certiorari to the Utah Court of Appeals

Eighth District, Duchesne
The Honorable Samuel P. Chiara
No. 181800213

Attorneys:

Emily Adams, Sara Pfrommer, Bountiful, Laura Fuller,
Taylorsville, for petitioner

Grant Charles, Duchesne, for respondent

ASSOCIATE CHIEF JUSTICE LEE authored the opinion of the Court in
which CHIEF JUSTICE DURRANT, JUSTICE HIMONAS, JUSTICE PEARCE,
and JUSTICE PETERSEN joined.

ASSOCIATE CHIEF JUSTICE LEE, opinion of the Court:

¶1 Robert Sorbonne was charged and convicted on a misdemeanor charge of threatening to use a dangerous weapon in a quarrel with his father. He sought to justify his actions under the law of self-defense, asserting that his father had a history of violent behavior and claiming that he reasonably believed that his actions were necessary to defend himself under the circumstances. The district court admitted some evidence of the father's prior violent behavior, excluded other such evidence, and concluded that Sorbonne's "use or threat of the weapon was not necessary or reasonable under the circumstances." It found him guilty as charged. The court of appeals affirmed. We granted certiorari to consider

Sorbonne's claim that the court of appeals erred in affirming Sorbonne's conviction under an "objective standard of reasonableness."

¶2 An individual is "justified" in "threatening or using force" against another if and where he "reasonably believes" such force is necessary. UTAH CODE § 76-2-402(2)(a). This standard encompasses both a subjective and an objective component—the defendant must *believe* the force is necessary and the belief must be *reasonable* under the relevant circumstances. By statute, those circumstances encompass any evidence of an alleged victim's "prior violent acts or violent propensities" and "any patterns of abuse or violence in the parties' relationship." *Id*. § 76-2-402(5)(d), (e).

¶3 We do not interpret the court of appeals' opinion to depart from these principles. And Sorbonne has identified no basis for reversal. We accordingly affirm.

I

¶4 Sorbonne was convicted at a bench trial in the Eighth District Court. We present the facts in the record in the light most favorable to the decision of the trial court, addressing conflicting evidence as necessary to understand the questions decided by the court of appeals and presented for our review. We review the decision of the court of appeals de novo.

A

¶5 On June 20, 2018, Robert Sorbonne got into a heated argument with his father about his parents' impending divorce. Sorbonne and his younger sister got into a car and drove away to avoid further confrontation. His father decided he "was going to catch up with [Sorbonne] and apologize." And his father eventually tracked down Sorbonne and his sister and cut off their path on a dirt road.

¶6 Both men got out of their vehicles. The father approached Sorbonne and told him that he "was sorry and that [he] needed his help." When the father was within ten feet, Sorbonne retrieved a handgun from his vehicle. He then pointed the gun at his father, chambered a round, and told him he was "going to fuckin' kill" him. Sorbonne was later apprehended and charged with one count of threatening with or using a dangerous weapon in a fight or quarrel under Utah Code section 76-10-506.

¶7 Sorbonne sought to justify his acts under the law of self-defense. At trial, Sorbonne and his sister both testified that their

father had acted in an erratic and angry manner on the day in question, causing him and his sister to fear that their father meant them harm. Sorbonne also presented evidence of his father's prior violent acts to show why he feared his father and to justify his own actions. Most of this evidence was admitted into the record. In fact, the father himself admitted that he had engaged in a number of prior violent acts that suggested he had a violent character.

¶8 The district court refused to consider some additional evidence introduced by Sorbonne. It excluded testimony from Sorbonne's younger sister about whether there had been a "finding" of abuse by the father by the Utah Division of Child and Family Services (DCFS). And it excluded testimony by Sorbonne's older sister and grandmother about specific incidents of violent acts by the father, including acts of "road rage."

¶9 The district court found that Sorbonne's "use or threat of the weapon was not necessary or reasonable under the circumstances." And it entered a judgment of conviction on the misdemeanor charge against him.

B

¶10 Sorbonne challenged his conviction in the Utah Court of Appeals. He asserted that the district court had erred in (1) applying a self-defense standard governing the use of force intended or likely to cause death or serious bodily injury, instead of a lower standard governing the mere use of force; (2) excluding evidence of specific acts of violence, abuse, and "road rage" by the father; and (3) applying an "objective" reasonableness standard in assessing whether his conduct was justified under the law of self-defense.

¶11 On the latter point, Sorbonne identified what he saw as a "contradiction of law between the Tenth Circuit Court of Appeal[s] and the Utah Court of Appeals on the standard used for reasonableness when applied to the use of self-defense." He cited *Paine v. Massie*, 339 F.3d 1194 (10th Cir. 2003), as establishing a "modified objective" or "subjective" standard for assessing the reasonableness of a defendant's actions under the law of self-defense. And he asserted that the *Paine* standard "appears to contradict" the standard set forth in cases like *State v. Sherard*, which observed that our code requires that "a defendant must 'reasonably believe[] that . . . force is necessary to defend . . . against [another]'s imminent use of unlawful force,'" 818 P.2d 554, 561 (Utah Ct. App. 1991) (first alteration in original) (citing UTAH CODE § 76-2-402(1) (1991)), and held that "reasonable" in this setting "means 'objectively

reasonable,'" *id.* (quoting *State v. Duran*, 772 P.2d 982, 985 (Utah Ct. App. 1989)).

¶12 Sorbonne urged the court of appeals to apply the standard set forth in *Paine*—a case applying "Oklahoma's self-defense statute, which has requirements of imminence and reasonableness similar to Utah's self-defense statute." In Sorbonne's view, *Paine* established that "the definition of 'reasonableness' needs to be viewed" in light of "the perspective of the battered woman or victim of domestic violence." Sorbonne asserted that he was "a past victim of abuse by the current alleged victim." And he asked the court of appeals to conclude that the district court had erred in "disregard[ing] as irrelevant" Sorbonne's "history of being abused by the alleged victim," and in applying an "objective" standard of reasonableness under its case law instead of a "modified objective" or "subjective" standard under *Paine*. The State, represented in this case by Duchesne County, declined to file a brief on appeal.

¶13 A majority of the court of appeals affirmed. *State v. Sorbonne*, 2020 UT App 48, 462 P.3d 409. The majority opinion, authored by Judge Hagen, noted that an appellee may decide to waive the right to file a responsive brief with the understanding that "the only sanction . . . is the possible exclusion of the appellee from oral argument." *Id.* ¶ 16 n.3 (citing UTAH R. APP. P. 26(c)). With that in mind, the majority concluded that it could affirm on the basis of the lack of an appellee brief only upon a determination "that Sorbonne had carried his burden of persuasion on appeal in his opening brief." *Id.* (citing *Paxman v. King*, 2019 UT 37, ¶ 7, 448 P.3d 1199). And it affirmed on the ground that Sorbonne had failed to carry such burden on the three claims of error advanced on appeal. *Id.* ¶ 30.

¶14 First, the majority concluded that the district court had "found that Sorbonne's act of pointing a gun at his father was unreasonable regardless of whether it was characterized as the 'use' of deadly force or as a 'threat.'" *Id.* ¶ 21. "Because the district court did not resolve the issue of which standard applied and instead ruled that Sorbonne's conduct was unreasonable under either alternative," the court held "there [wa]s no ruling on that issue for [it] to review." *Id.*

¶15 Second, the majority noted that the district court had admitted and considered extensive evidence of Sorbonne's father's history and past acts, but held that Sorbonne had failed to identify a basis for concluding that the district court had abused its discretion in excluding the additional testimony presented by Sorbonne at trial. *Id.* ¶¶ 10, 22. As to the younger sister's testimony about a DCFS

finding, the majority noted that trial counsel had withdrawn his question before the district court had an opportunity to rule on an objection, so the district court "never had an opportunity to rule on the issue" and the question was not properly presented on appeal. *Id.* ¶ 23. As to testimony about specific acts of prior violence and "road rage" by the father, the majority explained that such "testimony is relevant only if Sorbonne actually knew about" the acts in question. *Id.* ¶ 26. Because "nothing in the record indicate[d] that Sorbonne knew about" the acts at issue, the majority held that it could not conclude that the district court abused its discretion in excluding this testimony. *Id.*

¶16 Finally, the majority held that Sorbonne had failed to carry the burden of establishing a basis for abandoning the "objective" standard set forth in Utah cases, or for replacing it with "a 'modified objective standard or a subjective standard.'" *Id.* ¶ 29. And it affirmed on the ground that Sorbonne had failed to "convince[] [the court] that [it] should overrule [its] prior cases holding that acts of self-defense must be objectively reasonable." *Id.*

¶17 Both of the other members of the panel of the court of appeals wrote separately. Judge Christiansen Forster concurred in the majority's determination that Sorbonne had not "met his burden of persuasion on any of the grounds raised in his appellate brief" but wrote separately to note her "agreement with Sorbonne's suggestion that it might be time to reexamine the standard our courts use in assessing the reasonableness of the responsive action exhibited by domestic violence victims or abused children in the self-defense context." *Id.* ¶¶ 31–32. In Judge Christiansen Forster's view, our case law has not yet "wrestle[d] with the issue of how to assess the reasonableness" of an assertion of self-defense in a "domestic-violence" or "abusive-parent" context. *Id.* ¶ 32. And it may be appropriate for our courts to "reassess the appropriate standard" in these contexts in a future case—though not here because Sorbonne had not "ask[ed] the district court to deviate from the 'objectively reasonable' standard in considering the reasonableness of his claim of self-defense." *Id.* ¶ 33.

¶18 Judge Orme dissented, albeit without reaching the merits of the issues presented on appeal. He acknowledged that the usual effect of an appellee's failure to file a brief is a mere waiver of a right to participate in oral argument. *Id.* ¶ 35. But he also noted that the State "all but invariably" files a responsive brief in criminal cases—with a limited exception of the cases in which the Criminal Appeals Division of the Utah Attorney General's Office submits a letter either

"conced[ing] that the appellant is correct and entitled to the relief sought on appeal" or explaining that the office is "overworked and understaffed" and has chosen to "prioritize its work and concentrate the talents of its attorneys on those cases where the defendant has a colorable claim." *Id.* ¶¶ 35–36. In this case, Judge Orme observed that there is "no such letter"—"not because the Criminal Appeals Division has deviated from its usual practice," but because this case involves a misdemeanor conviction and the county attorney "has the responsibility to represent the State on appeal" and "[t]he county attorney has filed no letter explaining why it has not submitted a brief." *Id.* ¶ 37. In the absence of a basis for concluding that the Duchesne County Attorney had decided to forgo a brief "in the interest of concentrating its resources" on "more weighty" matters, Judge Orme viewed the failure to file a brief "in the unique posture of this case" as "tantamount to a concession that Sorbonne's conviction should be reversed." *Id.* ¶¶ 37–38. And he indicated that he would have reversed on that basis. *Id.* ¶ 38.

¶19 Sorbonne filed a petition for writ of certiorari. We granted the petition to consider whether the court of appeals majority "erred in affirming defendant's conviction by requiring satisfaction of an objective standard of reasonableness as a condition for establishing self-defense."

II

¶20 Sorbonne's briefing in this court covers much of the same ground he covered in the court of appeals. He cites *Paine v. Massie*, 339 F.3d 1194 (10th Cir. 2003), and other cases and scholarly material in support of a request that we establish a "modified objective" or "modified subjective" standard of reasonableness under the law of self-defense. Sorbonne does not clearly define these terms. But he suggests that the words "objective" and "subjective" may be more confusing than helpful. And he asserts that the inquiry should turn on "whether the fear that triggered the defensive action was genuine and not whether a hypothetical person would have been afraid."

¶21 Sorbonne compares his circumstance to that of a "battered spouse" and asserts that "Utah appellate courts have not approached head-on how a history of abuse might affect a claim of self-defense." Echoing Judge Christiansen Forster and citing published scholarship on "battered spouse syndrome," he urges us to recognize that a "history of violence and abuse is one of the factors that needs to be considered in determining the reasonableness of an action taken in self-defense."

¶22 Sorbonne claims that the district court erred in excluding "relevant circumstances" of the history of his relationship with his father, including evidence of his father's prior acts of violence and "road rage." And he asks us to conclude that "[t]he majority of the Court of Appeals incorrectly applied [an] objective standard" that ratified the district court's erroneous approach.

¶23 Some of Sorbonne's threshold points are correct as far as they go. This court has not had occasion to interpret the governing terms of the self-defense statute—the requirement that a defendant "reasonably believe[]" that a threat or use of force is a "necessary" response in light of non-exclusive "factors" enumerated by the legislature. UTAH CODE § 76-2-402(2), (5). We thus have not established whether the requirement of a "reasonabl[e] belie[f]" is properly characterized as an "objective" standard, or may be better viewed as a "modified objective" or "subjective" one. And we have not previously applied this statutory framework to a case involving allegations of a "history of violence and abuse."

¶24 We accordingly acknowledge a need to provide some clarity on the threshold questions raised by Sorbonne. We seek to do so below by establishing that Utah Code section 76-2-402 encompasses both a subjective and an objective component, under a standard that opens the door to a non-exhaustive list of factors that includes a history or pattern of abuse or violence between the parties. After clarifying this standard, we affirm the decision of the court of appeals on the narrow question that it decided and that is presented to us on certiorari. We hold that Sorbonne has failed to identify a basis for reversal of the legal standard applied by the district court in its determination that Sorbonne's actions were "not necessary or reasonable under the circumstances."

A

¶25 "An individual is justified in threatening or using force against another individual when and to the extent that the individual *reasonably believes* that force or a threat of force is necessary to defend the individual or another individual against the imminent use of unlawful force." UTAH CODE § 76-2-402(2)(a) (emphasis added). A parallel standard applies where the force used is "intended or likely to cause death or serious bodily injury." *Id.* § 76-2-402(2)(b). Such force is "justified . . . if the individual *reasonably believes* that force is necessary to prevent death or serious bodily injury to the individual or another individual as a result of imminent use of unlawful force, or to prevent the commission of a forcible felony." *Id.* (emphasis added).

¶26 The key element of relevance here is the requirement that the defendant "reasonably believe[]" that the threat or use of force is necessary. In assessing the reasonableness of a defendant's belief, "the trier of fact may consider: (a) the nature of the danger; (b) the immediacy of the danger; (c) the probability that the unlawful force would result in death or serious bodily injury; (d) the other individual's prior violent acts or violent propensities; (e) any patterns of abuse or violence in the parties' relationship; and (f) any other relevant factors." *Id*. § 76-2-402(5).

¶27 This text contains answers to the threshold questions raised by Sorbonne. First, we agree with Sorbonne that the statutory standard is not a "purely objective" one. The statute requires that the individual defendant "reasonably *believe[]*" that a threat or use of force is necessary. *Id*. § 76-2-402(2)(a), (b) (emphasis added). And the requirement of individual *belief* introduces a component of subjectivity. *See Subjective*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "subjective" as "based on an individual's perceptions, feelings, or intentions").

¶28 That said, the statutory standard is likewise not purely subjective. It does not turn only on "whether the fear that triggered the defensive action was genuine," or obviate the inquiry into "whether a hypothetical person would have been afraid" in the circumstances faced by the defendant. *Genuineness* is part of the inquiry—embedded in the subjective requirement of a reasonable *belief*. But genuineness is only half of the statutory picture. A person must "*reasonably* believe[]" that a threat or use of force is necessary. *Id*. § 76-2-402(2)(a), (b) (emphasis added). And the reasonableness of the individual's belief introduces a component of objectivity. *See Objective*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "objective" as "[o]f, relating to, or based on externally verifiable phenomena, as opposed to an individual's perceptions, feelings, or intentions").

¶29 This is reinforced by the non-exclusive "factors" that are considered in assessing the reasonableness of a defendant's belief. UTAH CODE § 76-2-402(5)(f). Those factors include circumstances that may be considered in assessing whether and to what extent an individual defendant's belief is a reasonable one. And the reasonableness inquiry is a hypothetical one, which asks the fact-finder to decide whether a person in the defendant's circumstances would have reasonably believed that a threat or use of force was necessary.

¶30 This court may not yet have decided whether a history or pattern of abuse is relevant to the assessment of a person's reasonable belief under the law of self-defense. But the legislature has conclusively resolved this question. It has expressly provided that a "trier of fact may consider" "the other individual's prior violent acts or violent propensities" and "any patterns of abuse or violence in the parties' relationship" in assessing the "reasonableness" of a defendant's belief that a threat or use of force was necessary. *Id.* § 76-2-402(5)(d), (e).

B

¶31 The statutory text thus resolves the threshold questions raised by Sorbonne and highlighted in Judge Christiansen Forster's concurring opinion. That leaves the question of whether Sorbonne has carried his burden of showing that there was error in the standard articulated and applied by the court of appeals in its decision before us on certiorari.

¶32 Sorbonne's argument is twofold. He asserts that the court of appeals erred in (1) establishing a purely "objective" standard of reasonableness; and (2) applying that standard in its review of the district court's decision.

¶33 We affirm. Sorbonne has not established that the court of appeals adopted a standard of reasonableness that differs from the one we articulated above. And he has not preserved or presented a basis for concluding that there was error in the application of the statutory standard in the district court.

1

¶34 The court of appeals cited its prior case law in support of the view that "an objective standard applies when evaluating the reasonableness of self-defensive actions." *State v. Sorbonne*, 2020 UT App 48, ¶ 28, 462 P.3d 409 (citing *State v. Sherard*, 818 P.2d 554, 561 (Utah Ct. App. 1991)). It also rejected Sorbonne's request that it repudiate that standard in favor of "a 'modified objective standard or a subjective standard.'" *Id.* ¶ 29.

¶35 In so doing, the court of appeals was not endorsing a "purely objective" standard that obviates the requirement of proof of an individual defendant's subjective belief in the necessity of a given threat or use of force. It was reinforcing the point we made above—that an individual defendant's belief must be reasonable, and that "'reasonable' in the context of Utah's self-defense statute means 'objectively reasonable.'" *Id.* ¶ 28 (citing *Sherard*, 818 P.2d at 561, for this proposition). This is clear from the cited authority—the *Sherard*

case. *Sherard* did not adopt a "purely objective" standard, or eliminate the requirement of an individual defendant's subjective belief. It simply interpreted the term "reasonable" as we do now—as meaning "'objectively reasonable'" under the circumstances. *Sherard*, 818 P.2d at 561 (cleaned up).

¶36 Sorbonne asked the court of appeals to abandon the *Sherard* standard in favor of the standard endorsed by the Tenth Circuit in *Paine v. Massie*, 339 F.3d 1194 (10th Cir. 2003). But he presented no salient basis for so doing. And the court of appeals did not err in rejecting that argument and reinforcing the standard in *Sherard*.

¶37 Sorbonne follows a similar pattern in his briefing in our court. He asks us to "disavow" the language of "objective reasonableness" set forth in *In re R.J.Z.*, 736 P.2d 235, 236 (Utah 1987). But *R.J.Z.* is in line with *Sherard* and is consistent with the statutory text. *R.J.Z.* applies a statute providing a justification for the use of force in defending a person's habitation where the defendant "had a reasonable belief that the force was necessary." *Id.* And it simply "interpret[s] the term 'reasonable' to mean objectively reasonable." *Id.* In *R.J.Z.* as in *Sherard*, there was no elimination of the requirement of a subjective belief—just a determination that such belief must also be "reasonable," and a conclusion that "reasonable" means "objectively reasonable" under the circumstances.

¶38 Sorbonne has not established a basis for overturning the cited precedent, or even concluding that it is inconsistent with the text of the governing statute. We affirm on that basis.

2

¶39 The court of appeals held that Sorbonne had failed to establish an abuse of discretion in the exclusion of evidence of "the father's prior violent actions." *Sorbonne*, 2020 UT App 48, ¶ 27. Sorbonne seeks to challenge that decision here by: (a) asserting that the district court failed to "consider" the "relevant circumstances surrounding" his act of self-defense, such as the father's "road rage" and acts of abuse of one of Sorbonne's sisters; and (b) contending that the district court erred in concluding that he lacked a reasonable belief in the necessity of a threat of force—a conclusion it allegedly made without assigning the burden of proof to the prosecution.

¶40 Both arguments fall short. On the first point, Sorbonne broadly claims error in the exclusion of acts of "domestic abuse" analogous to "battered spouse" syndrome. But in advancing this claim, Sorbonne nowhere addresses the fact that the district court admitted and considered a range of evidence of his father's past acts

of abuse. And he fails to engage with the grounds for the court of appeals' decision—its conclusion, for example, that Sorbonne failed to establish that the evidence of acts of "road rage" was relevant given that "nothing in the record indicates that Sorbonne knew about" those incidents. *See Sorbonne*, 2020 UT 48, ¶ 26. For these reasons, Sorbonne's first point is inadequately briefed. And in any event, it falls outside our grant of certiorari—to consider whether the court of appeals "erred in affirming defendant's conviction by requiring satisfaction of an objective standard of reasonableness as a condition for establishing self-defense."

¶41 The second point likewise fails. Nowhere in the court of appeals did Sorbonne ever challenge the evidentiary basis for the district court's decision. And nowhere did he assert that the district court erred in failing to assign the burden of proof to the prosecution. These arguments again are not properly presented. And Sorbonne has accordingly failed to carry his burden of identifying a basis for reversal of the decision of the court of appeals.

### III

¶42 A defendant's threat or use of force is justified if and where he "reasonably believes" it is necessary under the circumstances. UTAH CODE § 76-2-402(2). This standard encompasses both a subjective and an objective component. And the assessment of an individual's reasonable belief should be undertaken in light of all relevant circumstances, including any past pattern or history of abuse (as with "battered spouse syndrome").

¶43 Sorbonne has rightly raised questions about the terms and conditions of our law in this field. But he has identified no basis for reversal of the court of appeals' decision. And we accordingly affirm.

———————