STATE of Utah, Plaintiff and
Respondent,

v.

George PAPPAS, Defendant
and Appellant.

No. 15567.

Supreme Court of Utah.

Nov. 29, 1978.

Dean R. Mitchell, Salt Lake City, for
defendant and appellant.

Robert B. Hansen, Atty. Gen., Michael L. Deamer, Asst. Atty. Gen., R. Paul VanDam, County Atty., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Defendant George Pappas appeals from a jury conviction of attempted theft by receiving stolen property.[1] He attacks his conviction on the grounds that the trial court committed prejudicial error, (1) in rejecting his defense of entrapment as a matter of law; and (2) in admitting evidence of past offenses allegedly committed by him.[2]

On September 8, 1976, one Rudy Sandoval, a Salt Lake County Jail inmate who was awaiting prosecution on a burglary charge, agreed to work as an undercover agent for the police. He was electronically wired for sound, and took a clock radio to the defendant's service station.

While the police listened to the conversation, Mr. Sandoval told the defendant that the radio was stolen and that he was sick and needed money for some drugs. Officer Martinus Vuyk gave testimony concerning what was overheard about the defendant agreeing to buy the radio for $15; and also about Mr. Sandoval asking the defendant if he would be interested in buying any CB radios or guns and pistols. The defendant said he might be interested and Mr. Sandoval told him he would be back the next day. He then left and rejoined the police officers.

On September 9, Mr. Sandoval was provided with a revolver and an automatic pistol and the above stated procedures were repeated. This time, a city judge accompanied the police to monitor the transaction. They heard Mr. Sandoval tell the defendant the guns were stolen and reiterate that he was a drug addict and needed some money. After the defendant inspected the firearms and the two men argued about the price, an agreement was reached and the sale was

1. As provided by 76–6–408, U.C.A., 1953.

2. Defendant also urges other errors which we find to be without merit.

made. Under appropriate procedure the judge issued a search warrant and the radio and guns were found in the defendant's service station.

The following proceedings are relevant to defendant's contention that the trial court erred in not allowing the jury to consider and in prohibiting defendant's counsel from arguing entrapment. After the prosecution had presented its evidence and rested, the defense also rested. In the absence of the jury, the defendant moved for a directed verdict on the ground of entrapment. The prosecution urged that "any motion for entrapment must be made in writing ten days prior to the time of trial . . . ." Although the trial judge denied the defendant's motion, he stated that he did so "on the merits and not on the technicalities." The prosecution then requested that, inasmuch as the defendant's motion had been denied, his counsel, Mr. Bridwell, be instructed that "no argument is proper with respect to that particular defense."

The following exchange then occurred:

THE COURT: Oh, I think that's correct. I don't think you can argue a defense that the Court has denied.

\* \* \* \* · \* \*

MR. BRIDWELL: . . . I did intend to talk about it in summation.

THE COURT: Well, I don't think you can . . . ..

\* \* \* \* \* \*

. . . had I ruled in your favor on entrapment, there would have been no necessary issue to go to the jury. But because I have ruled against you, I *don't think I am going to allow you to argue the effect of entrapment.*

The statutes pertinent to the issue involved are:

Section 76–2–303(4), U.C.A., 1953:

Upon written motion of the defendant, the court shall hear evidence on the issue

and shall determine as a matter of fact and law whether the defendant was entrapped to commit the offense. Defendant's motion shall be made at least ten days before trial except the court for good cause shown may permit a later filing.

Subsection (5) then states:

Should the court determine that the defendant was entrapped, it shall dismiss the case with prejudice, *but if the court determines the defendant was not entrapped, such issue may be presented by the defendant to the jury at trial.* Any order by the court dismissing a case based on entrapment shall be appealable by the state. [All emphasis added.]

The purpose of those statutes is to save the time and effort of a trial if it is made to appear so clearly that the defendant was so entrapped that the court can so rule as a matter of law and dismiss the case. But if it does not thus so clearly appear, the trial court refuses to so rule as a matter of law and denies the motion. In that instance, subsection (5) preserves the defendant's right to have his entire case presented for determination by the jury.

It is not to be doubted that in an appropriate case where there is no evidence whatsoever relating to entrapment there would be no justification for the jury considering that issue.[3] Nevertheless, even though under the procedure provided for in the statutes just quoted the court considers any evidence relating to entrapment in order to make its preliminary ruling thereon, its ruling is not necessarily conclusive. The burden remains with the State to prove that the defendant willfully and voluntarily committed the crime charged. Therefore, when there is any evidence which could reasonably be regarded as indicating entrapment, the question whether it is sufficient to raise a reasonable doubt that the defendant would have committed the crime, except for the inducement by the police

---

3. *State v. Boccelli,* 105 Ariz. 495, 467 P.2d 740 (1970); *Dycus v. State,* Wyo., 529 P.2d 979 (1974); *State v. Kelsey,* Haw., 566 P.2d 1370 (1977).

officer, is for the jury to determine.[4] In accordance with what has been said above, it is our conclusion that the court committed prejudicial error in refusing to allow the jury to consider or permit the defendant's counsel to argue the defense of entrapment.

Inasmuch as our ruling just stated requires a reversal of his conviction, it is not necessary to further discuss defendant's claim of error in admitting evidence about past offenses allegedly committed by him. In that regard we think it appropriate and sufficient to refer to our recent case of *State v. Hansen,* Utah, 588 P.2d 164 (1978). Therein we treated a similar problem and discussed the proper procedure and application of Sec. 76–2–303(6) in such a situation. Reversed and remanded for a new trial[5] or such other proceedings as seem advised. No costs are awarded.

ELLETT, C. J., and WILKINS, MAUGHAN and HALL, JJ., concur.

---

**4.** *State v. Schultz,* 27 Utah 2d 391, 496 P.2d 893 (1972).

**5.** That where error has been committed the defendant is entitled to a new trial but not necessarily to a dismissal of the case, see *State v. Jaramillo,* 25 Utah 2d 328, 481 P.2d 394, also citing *United States v. Ewell,* 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627. See also *State v. Bridwell,* Utah 566 P.2d 1232.