**AMENDED OPINION**\*

*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2026 UT 4**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH,
*Respondent,*

*v.*

DEON ANDRE JENNINGS,
*Petitioner.*

No. 20230556
Heard October 25, 2024
Filed November 28, 2025
Amended March 12, 2026

On Appeal of Interlocutory Order

Third District, Salt Lake County
The Honorable Coral Sanchez
No. 221904766

Attorneys:

Derek E. Brown, Att'y Gen., Andrew F. Peterson, Dep. Solic. Gen.,
Salt Lake City, for respondent

Erick Grange, Salt Lake City, for petitioner

---

\* Petitioner Deon Andre Jennings filed a petition for rehearing after we published our original opinion. We grant the petition in part and have modified paragraph 53, footnote 2 accordingly.

The petition for rehearing was decided by a majority vote of the Justices who acted on the original opinion. Because the petition for rehearing was filed after Associate Chief Justice John Pearce's retirement, he did not have the opportunity to vote on the petition.

JUSTICE PETERSEN authored the opinion of the Court, in which JUSTICE HAGEN and JUSTICE POHLMAN joined.

CHIEF JUSTICE DURRANT authored a separate opinion concurring in part, dissenting in part, and concurring in the judgment, in which ASSOCIATE CHIEF JUSTICE PEARCE joined.

―――――――――

JUSTICE PETERSEN, opinion of the Court:

## INTRODUCTION

¶1 Deon Andre Jennings is charged with the murder of Willie Houston and is awaiting trial in the district court. He moved for a pretrial justification hearing to adjudicate his claim that he was justified in killing Houston because he was defending himself.

¶2 The Pretrial Justification Statute, Utah Code section 76-2-309, provides a mechanism for a criminal defendant to have a justification defense determined by the district court before trial. That Statute provides that upon a defendant's motion, the court "shall hear evidence" on the asserted justification and "shall determine as a matter of fact and law whether the defendant was justified in the use or threatened use of force." UTAH CODE § 76-2-309(3)(a). At the evidentiary hearing, the Statute establishes a burden-shifting framework. First, the defendant must "make[] a prima facie claim of justification." *Id.* § 76-2-309(3)(b). If the defendant clears this hurdle, the burden shifts to the State to "prove by clear and convincing evidence that the defendant's use or threatened use of force was not justified." *Id.* If the court decides that the State has met its burden, the case proceeds to trial—where the defendant can raise the issue of self-defense to the jury. *Id.* § 76-2-309(3)(c)(iii). But if the court determines that the State has not met its burden at the pretrial hearing, the court "shall dismiss the charge with prejudice." *Id.* § 76-2-309(3)(c)(i).

¶3 The question before us is what the Statute requires of a defendant to successfully make a prima facie claim of justification and thereby shift the burden of proof to the State. Is it sufficient for the defendant to simply allege or proffer facts meeting the elements of justification? Or must the defendant produce some evidence on each element? Jennings argues that a defendant is required only to proffer facts, which must be taken as true.

¶4 The district court interpreted the Statute to require more than that. It concluded that a mere proffer was insufficient, and it

considered evidence that Jennings had presented. It ultimately concluded that Jennings had failed to make a prima facie claim of justification.

¶5 We agree with the district court that the Statute requires a defendant to make a prima facie claim with evidence. Accordingly, we hold that to make a prima facie claim of justification, a defendant must present evidence at the hearing that, if believed by the factfinder, would be legally sufficient to satisfy each element of the defendant's justification claim. To be clear, this is a burden of production; it is not a burden of proof. If the defendant meets this burden of production, the burden shifts to the State to prove by clear and convincing evidence that the defendant's use of force was not justified.

¶6 We also conclude that the district court was correct that Jennings failed to make a prima facie claim of justification. Accordingly, we affirm the district court's denial of Jennings' motion to dismiss.

## BACKGROUND[1]

¶7 Jennings and Houston got into an argument at the apartment where Houston lived. Houston ordered Jennings to leave multiple times, but he did not. At some point, Houston went outside, and Jennings tried to lock the door behind him. But Houston pushed his way back in and ended up on top of Jennings on the floor. Jennings grabbed an object and "struck" Houston on the back with it multiple times. Houston then left the apartment, looking for help.

¶8 After a neighbor called 911, emergency services transported Houston to the hospital with two stab wounds in his back. He later died from his injuries.

¶9 The State charged Jennings with first-degree murder. As the case proceeded in the district court, Jennings moved for a pretrial justification hearing, asserting that he had acted in self-defense and the charge should therefore be dismissed. His motion included both a written proffer of facts and references to attached exhibits, including the preliminary hearing transcript.

---

[1] "In providing the background relevant to the issue on interlocutory appeal, we emphasize that the allegations against [Jennings] are not proved and that he is presumed innocent." *State v. Jolley*, 2025 UT 9, n.1, 568 P.3d 1040.

¶10   In response to Jennings' motion, the district court held a pretrial justification hearing. At such a hearing, the Statute contemplates that the defendant will go first, and it requires the defendant to "make[] a prima facie claim of justification." UTAH CODE § 76-2-309(3)(b).

¶11   Under Utah law, "[a]n individual is justified" in using *non-lethal* force "when and to the extent that the individual reasonably believes that force . . . is necessary to defend the individual . . . against the imminent use of unlawful force." *Id.* § 76-2-402(2)(a). An individual is justified in using *lethal* force—meaning, force "intended or likely to cause death or serious bodily injury"—"only if the individual reasonably believes that force is necessary to prevent death or serious bodily injury to the individual . . . as a result of imminent use of unlawful force, or to prevent the commission of a forcible felony." *Id.* § 76-2-402(2)(b).

¶12   Jennings argued that the Statute allowed him to make a prima facie claim of justification through a proffer of facts. He included a written proffer in his pretrial justification motion, and his counsel orally proffered facts at the hearing. Jennings also contended that if the Statute required him to produce evidence, the exhibits he had attached to his motion sufficed to carry this burden of production.

¶13   At the conclusion of the hearing, the district court determined that a proffer alone was not enough to evaluate Jennings' prima facie claim but that, with the exhibits, the court had sufficient information to do so. The court found that the exhibits conflicted with some of Jennings' proffer. And at the end of the hearing, it orally ruled that Jennings had failed to make a prima facie claim of justification.

¶14   In a subsequent written order, the court denied Jennings' motion to dismiss and recited the facts based on Jennings' exhibits. According to the court's findings, Houston and Jennings were at the apartment drinking beer when an argument broke out. Houston told Jennings to leave multiple times, but Jennings refused. Jennings went to gather his belongings when he suddenly "became dizzy and felt a sharp pain." "However, [Jennings] did not know whether [he] was hit or what caused his pain." He couldn't tell if Houston "hit him or if he was 'too messed up.'"

¶15   Houston left the apartment, and Jennings tried to lock him out. While Houston was outside, Jennings "grabbed a knife to protect himself." At some point, Houston tried to get back in, but

Jennings held the door closed until Houston eventually used the weight of his body to open it. From the force of opening the door, Houston fell on top of Jennings, and the two "'tussled' on the floor for a short period of time." While Houston was on top of Jennings, Jennings struck him in the back with an object multiple times. Jennings didn't know what he had struck Houston with.

¶16 Houston got up, ran out of the apartment, and asked a neighbor to call 911. He was transported to a hospital, where he died from "injuries caused by stab wounds to his back." Those stab wounds measured approximately 13 cm in depth and 7.5 cm in depth.

¶17 Houston never "physically assault[ed]" or "threaten[ed] [Jennings] with an act of physical violence." Jennings "never saw [Houston] with a weapon nor did [Houston] threaten to use a weapon against [him]."

¶18 The district court determined that the evidence presented in Jennings' exhibits did not support his proffer. But it also considered the proffer alone.

¶19 Jennings' proffer described the same sequence of events, with some additional details. Jennings proffered that, just before he thought he had been hit over the head, Houston had "threat[ened]" him by saying, "Well, if you don't want to leave, I have something for you." He described Houston's reentrance to the apartment in more aggressive terms—stating that Houston hit him in the face with the door and tackled him, rather than falling on top of him from the force of opening the door. And according to the proffer, Jennings was "just focused on getting [Houston] off of him," and while he suspected Houston was injured, he "didn't think he'd really done anything" to Houston.

¶20 Viewing the proffer in the light most favorable to Jennings, the district court found that Jennings had not alleged that Houston had ever assaulted him or threatened to physically harm him. Thus, even considering the proffer alone, the court concluded that Jennings' factual assertions did not show that he reasonably believed deadly force was necessary to prevent death, serious bodily injury, or the commission of a forcible felony.

¶21 And considering the proffer and the evidence together, the district court also concluded that Jennings had failed to make a prima facie claim of justification. *See id.* § 76-2-309(3)(b). As such, the burden never shifted to the State to disprove justification. And

the court accordingly denied Jennings' motion to dismiss the murder charge.

## STANDARD OF REVIEW

¶22 The issue before us on interlocutory appeal is whether Jennings made a prima facie claim of justification at the pretrial justification hearing. Whether a defendant has made a prima facie claim is a legal question reviewed for correctness. *State v. Clara*, 2024 UT 10, ¶ 30, 546 P.3d 963.

## ANALYSIS

¶23 Jennings seeks a reversal of the district court's determination that he failed to make a prima facie claim of justification at the pretrial justification hearing. This requires us to determine what the Pretrial Justification Statute demands of a defendant to make such a showing, and to then analyze whether Jennings cleared that hurdle.

¶24 We first turn to the language of the Statute. And we hold that to make a prima facie claim of justification, a defendant must present evidence that, if believed by the factfinder, would be legally sufficient to satisfy each element of the defendant's justification claim.

¶25 We then analyze the district court's conclusion that Jennings failed to make a prima facie claim of justification. And we conclude the court was correct.

I. THE PRETRIAL JUSTIFICATION STATUTE REQUIRES A DEFENDANT TO MAKE A PRIMA FACIE CLAIM OF JUSTIFICATION WITH EVIDENCE

¶26 To determine what the Statute requires of a defendant to "make[] a prima facie claim of justification," UTAH CODE § 76-2-309(3)(b), we begin with the text of the statute, *see State v. Sanders*, 2019 UT 25, ¶ 17, 445 P.3d 453. "We read the plain language of the statute as a whole, and interpret its provisions in harmony with other statutes in the same chapter and related chapters." *State v. Rushton*, 2017 UT 21, ¶ 11, 395 P.3d 92 (cleaned up).

¶27 The Statute provides a mechanism for a defendant to have a claim of justification resolved by the district court before trial. The relevant language of the Statute states:

> (3)(a) Upon motion of the defendant filed in accordance with Rule 12 of the Utah Rules of Criminal Procedure, the court shall hear evidence on the issue of justification under this section and shall

determine as a matter of fact and law whether the defendant was justified in the use or threatened use of force.

(b) At the pretrial justification hearing, after the defendant makes a prima facie claim of justification, the state has the burden to prove by clear and convincing evidence that the defendant's use or threatened use of force was not justified.

(c)(i) If the court determines that the state has not met the state's burden . . . , the court shall dismiss the charge with prejudice.

UTAH CODE § 76-2-309(3)(a)–(c)(i).

¶28 This language establishes that if a defendant moves for a pretrial justification hearing, then the "court shall hear evidence on the issue of justification"; and ultimately, the court "shall determine as a matter of fact and law whether the defendant was justified in the use or threatened use of force." *Id.* § 76-2-309(3)(a). This provision contemplates that upon the defendant's motion, the court will hold an evidentiary hearing at which the court will not only make legal determinations but will also ultimately act as the factfinder.

¶29 The Statute then describes the parties' responsibilities at the evidentiary hearing. *Id.* § 76-2-309(3)(b). The defendant is to go first and must "make[] a prima facie claim of justification." *Id*. If the defendant succeeds, then "the state has the burden to prove by clear and convincing evidence that the defendant's use or threatened use of force was not justified." *Id.*

¶30 The question before us is what a defendant must do to successfully make a prima facie claim of justification at the hearing. As we noted in *State v. Clara*, the Statute "does not define" the term "prima facie claim." 2024 UT 10, ¶¶ 33, 34 n.2, 546 P.3d 963. But because the parties had not preserved the issue, we declined to interpret the required showing in that case. *See id.* ¶ 34 n.2 (applying the prima facie standard that the parties had agreed to in the district court). However, we noted in *Clara* that "'prima facie' is a frequently used term of art that generally means 'sufficient to establish a fact or raise a presumption unless disproved or rebutted; based on what seems to be true on first examination, even though it may later be proved to be untrue.'" *Id.* ¶ 33 (cleaned up) (quoting *Prima Facie* (adj.), BLACK'S LAW DICTIONARY (11th ed. 2019)).

¶31 But the term "prima facie," standing alone, does not indicate what type of proof is required. That answer comes from the subject at issue—be it a particular fact, presumption, or legal claim—and the procedural posture in which the requirement to make a prima facie claim arises. *Id.* (noting that the meaning of prima facie is "informed by the procedural posture"). For example, to overcome a motion to dismiss, a civil plaintiff need only allege facts in the complaint that, taken as true, make out the elements of the claims asserted. *See* UTAH R. CIV. P. 12(b)(6); *Am. W. Bank Members, L.C. v. State*, 2014 UT 49, ¶ 7, 342 P.3d 224. But at summary judgment, evidence becomes necessary. "A plaintiff's failure to present evidence that, if believed by the trier of fact, would establish any one of the elements of the prima facie case justifies a grant of summary judgment to the defendant." *Clara*, 2024 UT 10, ¶ 33 (cleaned up). And at trial, "a prima facie case has been made when evidence has been received" that, absent "contrary evidence, would entitle the party having the burden of proof to judgment as a matter of law." *Id.* (cleaned up).

¶32 Under the Pretrial Justification Statute, the procedural posture is an evidentiary hearing in which a judge must make determinations of fact and law. This suggests that in this context, a prima facie claim requires evidence.

¶33 Jennings and the dissent, *see infra* ¶ 65, argue that the word "claim" suggests that no evidence is required. But "claim" has various meanings that depend on context. It can mean "[t]he assertion of an existing right" or "[a] statement that something yet to be proved is true." *Claim*, BLACK'S LAW DICTIONARY (12th ed. 2024). It also often refers more specifically to a "claim for relief," as in "a demand for money, property, or a legal remedy to which one asserts a right; esp., the part of a complaint in a civil action specifying what relief the plaintiff asks for." *Id.* (cleaned up). Or, it can refer to a cause of action, as in "an interest or remedy recognized at law; the means by which a person can obtain a privilege, possession, or enjoyment of a right or thing." *Id.* (cleaned up).

¶34 And in a legal proceeding, the word "claim," on its own, does not inherently signal that no evidence is necessary to support it. Like the term "prima facie," the type of showing required to make a claim depends on which party asserts it and the procedural posture in which the claim arises. For example, when a plaintiff in a civil case asserts a claim in a complaint, allegations of fact will suffice to survive a motion to dismiss. *See Am. W. Bank Members*,

2014 UT 49, ¶ 7. But at trial, to survive a motion for a directed verdict, a "plaintiff must present sufficient evidence" of the elements of a claim "to establish a prima facia case." *Lindsay v. Gibbons & Reed*, 497 P.2d 28, 30 (Utah 1972). And to actually prevail on a claim at trial, the plaintiff must prove the claim by a preponderance of the evidence. *See, e.g.*, *Smith v. Volkswagen SouthTowne, Inc.*, 2022 UT 29, ¶¶ 47–50, 513 P.3d 729.

¶35 In the Statute, the word "claim" does not stand alone. It refers to a criminal defendant's "claim of justification." So, in context, it refers to a defendant's assertion of the affirmative defense of justification. The showing required to assert such a claim, again, depends on the context in which the claim arises. At trial, a criminal defendant asserting a claim of justification (or other affirmative defense) may have a burden to produce enough evidence to put the defense at issue, if the State's evidence did not do so in its case in chief. *See State v. Drej*, 2010 UT 35, ¶ 15, 233 P.3d 476. But unlike a plaintiff in a civil trial, a criminal defendant will not bear the burden to prove the claim. *See id.*

¶36 Bottom line, "prima facie" and "claim" derive meaning from the context in which they appear. In the context of the Statute, a defendant must make "a prima facie claim of justification" at an evidentiary hearing, in which the district court must ultimately "determine as a matter of fact and law whether the defendant was justified in the use or threatened use of force." UTAH CODE § 76-2-309(3)(a)–(b). In this context, it follows that to make a prima facie claim of justification, the defendant must present evidence that, if believed, is legally sufficient to make out each element of justification.

¶37 We clarify, however, that this is a burden of production, not a burden of proof. We agree with the observation of the district court in *Clara* that this is similar to what is required to survive a motion for a directed verdict at trial. *See* 2024 UT 10, ¶ 34. Under Utah Rule of Civil Procedure 50(a)(1), a court may dismiss a claim if the factfinder "would not have a legally sufficient evidentiary basis to find for the party on that issue." "A party who moves for a directed verdict has the very difficult burden of showing that *no* evidence exists that raises a question of material fact." *Mahmood v. Ross*, 1999 UT 104, ¶ 18, 990 P.2d 933 (cleaned up). "Where there is any evidence that raises a question of material fact, no matter how improbable the evidence may appear, a directed verdict is improper." *Clara*, 2024 UT 10, ¶ 34 (cleaned up).

¶38 Similarly, the Statute sets a low bar for a defendant to clear. Producing enough evidence to make a prima facie claim—with no burden of proof—means that the defendant is required only to produce some evidence on each required element. And at the prima facie stage, the district court's job is not to weigh the evidence or determine the credibility of witnesses, but to determine whether the defendant has produced evidence that is legally sufficient—meaning that, if believed, it would make out each element of the asserted justification defense.

¶39 The Statute's burden-shifting procedure reinforces this reading. If a defendant could satisfy the prima facie stage of the hearing with only proffered facts, then the second stage—in which the State would bear the burden of disproving the proffer by clear and convincing evidence—would likely prove unworkable. For example, in cases where crucial evidence regarding the self-defense claim is solely in the possession of the defendant—say, the defendant proffers that the victim made a threatening statement that only the defendant heard—the State would be expected to disprove the proffer with evidence. But this would be difficult, with no testimony or evidence supporting the proffer that the State could confront. Further, the court is required to determine as a matter of fact and law whether the State disproved, by clear and convincing evidence, the defendant's justification claim. But at this final stage of the proceeding, the court, as the factfinder, could not just assume the defendant's proffered facts to be true. Instead, the court would need to weigh the evidence before it. Yet, it might have no actual evidence on important, material facts. As a practical matter, that doesn't work.

¶40 Jennings and the dissent, *see infra* ¶ 66, argue that requiring only a proffer from a defendant comports with precedent holding that a defendant asserting self-defense at trial may be entitled to a jury instruction without producing any evidence. But that is only partly correct, and only because the State goes first at trial. If the State's evidence of the charged crimes in its case in chief puts self-defense at issue, the defendant is entitled to a self-defense instruction without putting on any additional evidence. *State v. Knoll*, 712 P.2d 211, 214 (Utah 1985) ("[W]hen there is a basis in the evidence, whether the evidence is produced by the prosecution or by the defendant, which would provide some reasonable basis for the jury to conclude that a killing was done [in self-defense], an instruction on self-defense should be given [to] the jury."). Notably, however, if the State's evidence does not put self-defense at issue,

a defendant wanting a self-defense instruction shoulders the burden of production on that issue. *Id.* at 215 ("[A] defendant may have to assume the burden of producing some evidence of self-defense if there is no evidence in the prosecution's case that would provide some kind of evidentiary foundation for a claim of self-defense.").

¶41 Thus, it is our reading of the Statute that is consistent with the parties' respective burdens at trial. At trial, a defendant seeking a self-defense instruction may have a burden of production if the State's evidence did not raise the issue. The only difference at a pretrial justification hearing is that the defendant goes first, so the burden of production necessarily falls to the defendant.

¶42 Importantly, none of this contradicts the general rule that a defendant has no burden to *prove* self-defense. *See id.* at 214 ("[W]e explicitly and firmly emphasize that this case does not alter the long-standing law of this State concerning the . . . allocation of the burden of persuasion with respect to [self-defense]."); *State v. Bess*, 2019 UT 70, ¶ 34, 473 P.3d 157 ("Importantly, this does not shift the burden of proof from the State to the defendant. Rather, it means that sufficient evidence must be presented at trial to put the affirmative defense at issue.").

¶43 This interpretation of the Pretrial Justification Statute also synchronizes with related provisions of the criminal code. When we interpret a statute, "we read the plain language of the statute as a whole, and interpret its provisions in harmony with other statutes in the same chapter and related chapters." *Rushton*, 2017 UT 21, ¶ 11 (cleaned up).

¶44 The criminal code provides that "[e]vidence of an affirmative defense . . . shall be presented by the defendant." UTAH CODE § 76-1-504. And the code classifies justification as an affirmative defense. *See id.* § 76-2-308 ("Defenses enumerated in this part constitute affirmative defenses."); *id.* § 76-2-309 (defining "Justified use of force").

¶45 Additionally, the criminal code makes clear that the State has no burden to negate a defense until *evidence* of the defense has been presented:

> Negating defense by allegation or proof -- When not required.

> Section 76-1-501 does not require negating a defense:

STATE *v.* JENNINGS

Opinion of the Court

(1) By allegation in an information, indictment, or other charge; or

(2) By proof, unless:

(a) The defense is in issue in the case as a result of evidence presented at trial, either by the prosecution or the defense; or

(b) The defense is an affirmative defense, and the defendant has presented evidence of such affirmative defense.

*Id.* § 76-1-502; *see also Bess*, 2019 UT 70, ¶¶ 33–34 (concluding that self-defense is an affirmative defense, not an element of a crime, and the State need not disprove it in its case in chief at trial).

¶46 For these reasons, we interpret the Statute to require a defendant to make a prima facie claim of justification at a pretrial justification hearing by presenting evidence that, if believed, would be legally sufficient to satisfy each element of the defendant's justification claim.

## II. JENNINGS DID NOT MAKE A PRIMA FACIE CLAIM OF JUSTIFICATION

¶47 We now address Jennings' argument that the district court incorrectly concluded that he did not make a prima facie claim of justification at the hearing. We disagree and affirm the district court's denial of his motion to dismiss.

¶48 Jennings asserts that he did not know what object he hit Houston in the back with, and he did not intend to kill him. Consequently, he argues that he used non-lethal force to defend himself. "An individual is justified in" using *non-lethal* force "when and to the extent that the individual reasonably believes that force" is "necessary to defend the individual . . . against the imminent use of unlawful force." UTAH CODE § 76-2-402(2)(a).

¶49 The State contends that Jennings used lethal force because he, in fact, killed Houston. A person is justified in using *lethal* force—force "intended or likely to cause death or serious bodily injury"—"only if the individual reasonably believes that force is necessary to prevent death or serious bodily injury to the individual . . . as a result of imminent use of unlawful force, or to prevent the commission of a forcible felony." *Id.* § 76-2-402(2)(b).

¶50 Under either type of self-defense, a self-defense claim requires defendants to have a *reasonable belief* that the force they use is necessary to defend themselves from an imminent use of

unlawful force or a forcible felony. *Id.* § 76-2-402(2); *see also State v. Sorbonne*, 2022 UT 5, ¶¶ 25–30, 506 P.3d 545. A "reasonable belief" has both a subjective and an objective component. *See Sorbonne*, 2022 UT 5, ¶ 2. Thus, defendants must genuinely, subjectively believe that unlawful force (or a forcible felony) is imminent, and that the force they are using is necessary to defend themselves from it. *Id.* ¶¶ 25–27. And those subjective beliefs must be objectively reasonable. *Id.* ¶¶ 28–29.

¶51 Under either strain of self-defense, Jennings failed to make a prima facie showing that he had a genuine, subjective belief that the force he used was necessary to defend himself from the threat of force he perceived from Houston.

¶52 We first assess the force that Jennings used. The district court accepted as true Jennings' proffer that he struck Houston in the back multiple times with an unknown object that he grabbed while he was underneath Houston. Jennings asserts that his force should not be considered lethal, because he did not know what he was striking Houston with. But even so, Jennings was not punching Houston in the back with his fist. Whether or not he knew exactly what the object was when he struck Houston with it, he inserted the object several inches deep into Houston's back—and not just once.

¶53 And Jennings has provided no evidence—nor a proffer of fact—that he subjectively believed the force he used was necessary to protect himself from Houston. Both non-lethal and lethal self-defense include a "necessity" element.[2] *See id.* § 76-2-402(2). And as

---

[2] Under the non-lethal standard, defendants are justified only "when and to the extent" they reasonably believe force is necessary to defend against imminent, unlawful force, and thus a defendant's response must be proportional to the threat. UTAH CODE § 76-2-402(2)(a). Similarly, defendants may use lethal force only if they reasonably believe "that force is necessary" to prevent either serious bodily harm, death, or a forcible felony. *Id.* § 76-2-402(2)(b). The phrase "that force" appears to refer back to the force actually used, suggesting that defendants must reasonably believe that the force they use is necessary (i.e., proportional) to respond to the threat at hand. *See That*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/that (last visited Nov. 19, 2025) ("that" is an adjective, meaning "being the person, thing, or idea specified, mentioned, or understood").

the court of appeals has noted, that necessity element incorporates a requirement of proportionality. *State v. Wall*, 2020 UT App 168, ¶¶ 19–20, 479 P.3d 355. "[T]he law on self-defense does not allow for disproportionate use of defensive force." *Id.* ¶ 19. "It is assault and not self-defense when a defendant fights back with a level of violence that is out of proportion to the provocation." *Id.* ¶ 20; *see also* UTAH CODE § 76-2-402(2); *State v. Berriel*, 2013 UT 19, ¶ 14, 299 P.3d 1133 ("The necessary requirement distinguishes wanton violence from force that is crucial to averting an unlawful attack.").[3]

¶54 Yet, the evidence Jennings presented did not suggest that he subjectively believed he was in danger, let alone that he believed the force he used was necessary to stave off that danger. As the district court observed, Jennings' evidence established that he "never saw [Houston] with a weapon nor did [Houston] threaten to use a weapon against [him]." Houston never "physically assault[ed]" or "threaten[ed] [Jennings] with an act of physical violence." Nor did Jennings present evidence indicating that he ever felt physically threatened.[4]

---

[3] Other states have concluded the same. *See, e.g.*, *Commonwealth v. Adams*, 941 N.E.2d 1127, 1133–34 (Mass. 2011) ("[T]he degree of force used must be reasonable in the circumstances, with proportionality being the touchstone for assessing reasonableness."); *Parker v. United States*, 155 A.3d 835, 845–46 (D.C. 2017) ("A defendant may use only reasonable force to repel the perceived attack. . . . The government can rebut a self-defense claim only if it proves that a defendant used excessive force." (cleaned up)); *Hall v. State*, 231 N.E.3d 868, 874–75 (Ind. Ct. App. 2024) ("The amount of force that an individual may use to protect himself must be proportionate to the urgency of the situation. When a person uses more force than is reasonably necessary under the circumstances, the right of self-defense is extinguished." (cleaned up)).

[4] And even if we were to consider Jennings' proffer, it would not alter this conclusion. Jennings proffered that Houston may have hit him over the head. And he also asserted that Houston hit him in the face with the door and then tackled him to the floor. But his proffer also indicates that Jennings used force only to "get[] [Houston] off of him," not that he believed Houston was about to assault, kill, or seriously injure him, or commit a forcible felony. *See* UTAH CODE § 76-2-402(2)(a)–(b).

¶55 Thus, neither the evidence nor Jennings' proffer indicates that he subjectively believed it was necessary for him to use the force he did—striking Houston in the back with an object that left deep stab wounds—in order to defend himself from Houston. And therefore we agree with the district court that Jennings failed to make a prima facie claim of either non-lethal or lethal self-defense.

## CONCLUSION

¶56 We hold that to make a prima facie claim of justification under the Pretrial Justification Statute, a defendant must present evidence that, if believed by the factfinder, would be legally sufficient to satisfy each element of the defendant's justification claim. Here, Jennings failed to present evidence supporting each element of self-defense. His evidence, and even his proffer, does not support that he subjectively believed the force he used was necessary to protect himself from Houston. Accordingly, Jennings failed to make a prima facie claim of justification, and we affirm the district court's denial of his motion to dismiss.

———————————

CHIEF JUSTICE DURRANT, concurring in part, dissenting in part, and concurring in the judgment:

¶57 Interpreting Utah Code section 76-2-309 (Pretrial Justification Statute), the majority concludes that to make a prima facie claim of justification, a defendant must "present evidence that, if believed, is legally sufficient to make out each element of justification."[5] I disagree. I conclude that a defendant may make a prima facie claim of justification through a proffer of specific, known facts that support each element of the asserted justification defense. But because I conclude that under either reading of the statute, Jennings did not make a prima facie claim of justification as required, I join the majority's analysis in Part II and concur in the judgment.

¶58 The question of what "prima facie claim" means in the context of a pretrial justification hearing is one of first impression. Like the majority, my analysis begins with the statutory text.[6] "The point of statutory interpretation is to understand what the Legislature intended," and "the best evidence of the legislature's

———————————

[5] *Supra* ¶ 36.

[6] *See State v. Sanders*, 2019 UT 25, ¶ 17, 445 P.3d 453.

intent is the plain language of the statute."[7] "We presume that the
legislature used each word advisedly."[8] We also "read the plain
language of the statute as a whole, and interpret its provisions in
harmony with other statutes in the same chapter and related
chapters."[9]

¶59 As recounted in the majority opinion, the Pretrial
Justification Statute describes the pretrial justification process in
this way:

> Upon motion of the defendant filed in accordance
> with Rule 12 of the Utah Rules of Criminal Procedure,
> the court shall hear evidence on the issue of
> justification under this section and shall determine as
> a matter of fact and law whether the defendant was
> justified in the use or threatened use of force.

> At the pretrial justification hearing, after the
> defendant makes a prima facie claim of justification,
> the state has the burden to prove by clear and
> convincing evidence that the defendant's use or
> threatened use of force was not justified.

> If the court determines that the state has not met the
> state's burden . . . the court shall dismiss the charge
> with prejudice.[10]

In short, the defendant files a motion.[11] The court convenes a
hearing, at which the court hears evidence and ultimately
determines, as a matter of fact and law, whether the defendant's
use or threat of force was justified.[12] At that hearing, the defendant
must first "make[] a prima facie claim of justification."[13] And if the
defendant is successful, the burden of disproving the justification

---

[7] *Id.* (cleaned up).

[8] *Id.* (cleaned up).

[9] *State v. Rushton*, 2017 UT 21, ¶ 11, 395 P.3d 92 (cleaned up).

[10] UTAH CODE § 76-2-309(3)(a)–(c)(i); *see also supra* ¶ 27.

[11] UTAH CODE *Id.* § 76-2-309(3)(a).

[12] *Id.* § 76-2-309(3)(b)–(c).

[13] *Id.* § 76-2-309(3)(b).

defense "by clear and convincing evidence" shifts to the State—with dismissal as the sole remedy if the State fails.[14]

¶60 So what constitutes a "prima facie claim"? Jennings and the State both argue that a proffer alone is enough, but neither party offers a clear description of the "proffer" procedure for which they advocate. Instead, the parties seem to use the term somewhat interchangeably with "allege" and the State invites us to analogize to the federal civil pleading standard.[15] The majority, like the district court, rejects this reading, holding that Jennings was required to introduce evidence.[16]

¶61 The majority primarily looks to the statutory directive that, after receiving a defendant's motion, "the court shall *hear evidence* on the issue of justification . . . and shall determine as a matter of *fact* and law whether the defendant was justified."[17] The majority argues, in essence, that because this is an evidentiary hearing, the legislature intended to import a set of default rules for evidentiary hearings, including placing a particular burden of production on the moving party.[18]

¶62 I believe that approach oversimplifies the analysis. The moving party usually goes first because they bear the burden of proof.[19] And no one disputes that the burden to disprove

---

[14] *Id.* § 76-2-309(3)(b)–(c)(i).

[15] *See Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (noting that a federal civil complaint must "sufficiently allege[] facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed"(cleaned up)).

[16] *Supra* ¶ 36.

[17] UTAH CODE § 76-2-309(3)(a) (emphasis added); *supra* ¶ 28.

[18] *See supra* ¶¶ 28–32.

[19] *See, e.g., State v. Smith*, 2022 UT 13, ¶ 35, 513 P.3d 629 (outlining a defendant's limited burden of proof before the burden shifts to the State in a Fourth Amendment suppression hearing); *State v. Loose*, 2000 UT 11, ¶¶ 16–17, 994 P.2d 1237 (outlining the elements the moving party must demonstrate in an evidentiary hearing on a motion for a new trial based on newly discovered evidence); *Sys. Concepts, Inc. v. Dixon*, 669 P.2d 421, 427 (Utah 1983)

(continued . . .)

DURRANT, C.J., concurring in part, dissenting in part, and
concurring in the judgment

justification falls on the State in the pretrial justification context.[20] Against that backdrop, the majority's approach sheds little light on what burden of production the legislature intended to impose by requiring the defendant to first "make[] a prima facie claim of justification."[21]

¶63   Admittedly, the Pretrial Justification Statute is not a model of clarity. And I acknowledge the intuitive appeal of the majority's reading, which does find some support in the statute. For example, the statute says that the State's burden kicks in "[a]t the pretrial justification hearing, after the defendant makes a prima facie claim of justification."[22] It seems odd to suggest that the defendant must make a claim *at the hearing* if defendants could do their part solely by filing a motion proffering facts that prove justification.[23] But despite this confusing statutory language, I believe the broader context of the pretrial justification process and the parties' corresponding burdens at trial support the conclusion that a defendant may make a prima facie claim based on a proffer alone.

¶64   The statute requires the State to disprove justification by clear and convincing evidence at the hearing, but it mentions no particular standard of proof for the defendant.[24] That suggests the defendant has no obligation to introduce evidence.[25] I agree with the majority that there is some obligation on the defendant. Our disagreement is narrow, limited to what quantum of proof is required to meet the defendant's burden of production.

¶65   The term "prima facie claim" seems to indicate that the defendant's burden is something less than introducing evidence. We noted in *State v. Clara* that the Pretrial Justification Statute "does

---

(describing the burden on the movant for a preliminary injunction to introduce evidence showing irreparable injury).

[20] *See* UTAH CODE § 76-2-309(3)(b).

[21] *Id.*

[22] *Id.*

[23] *Id.* § 76-2-309(3)(a)–(b).

[24] *Id.* § 76-2-309(3)(b).

[25] *See id.*

DURRANT, C.J., concurring in part, dissenting in part, and
concurring in the judgment

not define 'prima facie [claim].'"[26] But we noted that "prima facie" generally means "sufficient to establish a fact or raise a presumption unless disproved or rebutted; based on what seems to be true on first examination, even though it may later be proved to be untrue."[27] Black's Law Dictionary further defines a "claim" first as "[a] statement that something yet to be proved is true."[28] Taken together, those definitions sound like allegations that have not yet been tested—akin to allegations in a civil complaint, which need not cite specific evidence.[29] Relatedly, when a party has failed to allege sufficient facts in their complaint to support relief, we say that they have "fail[ed] to state a *claim*."[30]

¶66  Contrasting the term "prima facie claim" to the procedure at trial is also informative. At trial, "when there is a basis in the evidence, whether the evidence is produced by the prosecution or by the defendant, which would provide some reasonable basis for the jury to conclude" that the defendant acted in self-defense, the defendant is entitled to a self-defense jury instruction, and the State has the burden to disprove self-defense beyond a reasonable doubt.[31] Thus a defendant may prevail at trial without introducing any evidence of self-defense.[32] The statutory language does not

---

[26] 2024 UT 10, ¶ 33, 546 P.3d 963.

[27] *Id.* (cleaned up) (quoting *Prima Facie* (adj.), BLACK'S LAW DICTIONARY (11th ed. 2019)).

[28] *Claim*, BLACK'S LAW DICTIONARY (12th ed. 2024).

[29] *See generally* UTAH R. CIV. P. 8(a); *1600 Barberry Lane 8 LLC v. Cottonwood Residential O.P. LP*, 2021 UT 15, ¶ 43, 493 P.3d 580.

[30] UTAH R. CIV. P. 12(b)(6) (emphasis added); *see also Am. W. Bank Members, L.C. v. State*, 2014 UT 49, ¶ 40, 342 P.3d 224 ("[When] essential elements [we]re set forth nowhere in the complaint[,] . . . th[e] claim was properly dismissed for failure to state a claim.").

[31] *State v. Knoll*, 712 P.2d 211, 214 (Utah 1985). Notably, *Knoll* did not address Utah Code sections 76-1-502 and -504, nor have the parties discussed those provisions. But those provisions could raise a question as to the respective burdens at trial. *See State v. Drej*, 2010 UT 35, ¶ 15, 233 P.3d 476.

[32] *See Knoll*, 712 P.2d at 214.

indicate that the legislature intended to reverse that burden in the
pretrial justification context.

¶67 The term "prima facie claim" appears nowhere else in the
Utah Code. The term "prima facie evidence," however, appears
dozens of times.[33] And the term has a clear definition in our
caselaw: "that quantum of evidence that suffices for proof of a
particular fact until the fact is contradicted by other evidence."[34]
Admittedly, our caselaw has used the terms "prima facie
evidence," "prima facie claim," "prima facie showing," and "prima
facie case" apparently interchangeably to describe both pleading
and evidentiary burdens at multiple stages of litigation.[35] But the

---

[33] *See, e.g.,* UTAH CODE § 8-5-3; *id.* § 59-1-302(7)(b); *id.*
§ 67-4a-1005(1); *id.* § 70A-1a-307; *id.*§ 76-6-402(1).

[34] *Child v. Gonda*, 972 P.2d 425, 432 (Utah 1998)(cleaned up)
(quoting *Prima Facie Evidence*, BLACK'S LAW DICTIONARY (6th ed.
1990)); *cf. Evidence*, BLACK'S LAW DICTIONARY (12th ed. 2024)
(defining "prima facie evidence" is "[e]vidence that will establish a
fact or sustain a judgment unless contradictory evidence is
produced").

[35] *See, e.g., Searle v. Milburn Irrigation. Co.*, 2006 UT 16, ¶¶ 51–52,
133 P.3d 382 (noting that "a prima facie *showing* is made by
successfully producing enough evidence to survive a motion to
dismiss and to send the matter to the jury" and relying on *Johnson
v. Bell*, 666 P.2d 308, 311 (Utah 1983), and *Godesky v. Provo City Corp.*,
690 P.2d 541, 547 (Utah 1984) (emphasis added)); *Johnson*, 666 P.2d
at 309–11 (rejecting plaintiff's appeal of district court's granting a
motion to dismiss for failure to "ma[k]e out a prima facie *case*"
(emphasis added)); *Godesky*, 690 P.2d at 547 (defining "prima facie
*evidence*" as "the minimum quantum of evidence necessary for a
party to prevail" in a jury trial "if the evidence remains unrebutted"
(emphasis added)); *United Park City Mines Co. v. Est. of Clegg*, 737
P.2d 173, 177 (Utah 1987) (affirming grant of a directed verdict
motion when plaintiffs failed to "establish[] a prima facie *claim*" of
adverse possession (emphasis added)).

DURRANT, C.J., concurring in part, dissenting in part, and
concurring in the judgment

legislature has not. I believe we should give meaning to the legislature's intentional use of a different term here.[36]

¶68 Comparing the Pretrial Justification Statute to the entrapment statute, which sets up a similar framework for raising the entrapment defense, is also helpful.[37] Utah Code section 76-2-303 allows defendants to challenge many criminal charges before trial on the grounds of entrapment, as follows:

> Upon written motion of the defendant, the court shall hear evidence on the issue [of entrapment] and shall determine as a matter of fact and law whether the defendant was entrapped to commit the offense. . . .

> Should the court determine that the defendant was entrapped, it shall dismiss the case with prejudice, but if the court determines the defendant was not entrapped, such issue may be presented by the defendant to the jury at trial.[38]

Like the Pretrial Justification Statute, the entrapment statute allows a defendant to file a motion asserting an affirmative defense, after which the court holds an evidentiary hearing to decide whether the defense applies.[39] But unlike the Pretrial Justification Statute, the entrapment statute does not lay the burden of proof on either party or mention a "prima facie claim."[40]

---

[36] *See State v. Sanders*, 2019 UT 25, ¶ 17, 445 P.3d 453. My colleagues in the majority also evaluate the word "claim." *See supra* ¶¶ 33–36. While the word "claim" may have nuanced meanings in different settings, and in certain contexts a party must present prima facie evidence to support a given claim, *see id.*, the legislature intentionally chose the term "prima facie claim" and we must do our best to interpret it in *this* context—a pretrial justification hearing.

[37] *Compare* UTAH CODE § 76-2-309(3) (Pretrial Justification Statute), *with id.* § 76-2-303(4)–(6) (entrapment statute).

[38] *Id.* § 76-2-303(4)–(5).

[39] *Id.* § 76-2-303(4)

[40] *Compare id.* § 76-2-309(3), *with id.* § 76-2-303(4)–(5).

DURRANT, C.J., concurring in part, dissenting in part, and
concurring in the judgment

¶69 This court has long interpreted the entrapment statute as allowing dismissal only if the defendant was entrapped as a matter of law—that is, that "reasonable minds acting fairly on the evidence should necessarily have a reasonable doubt as to the defendant's guilt."[41] We have said that "a defendant may assert [an entrapment] claim by filing a written motion before trial that identifies the *evidentiary foundation* for the claim."[42] And ultimately, we have held the defendant responsible for proving entrapment at the pretrial hearing, rather than placing the burden on the State to disprove it.[43]

¶70 But the Pretrial Justification Statute is different.[44] The defendant has no obligation to make a "showing" of justification.[45] Rather, the burden is on the *State* to show that the defendant was *not* justified by clear and convincing evidence.[46] Though the State's burden of proof is lower than at trial, the tables are turned from the presumption that a defendant was not entrapped unless every reasonable juror would find him to be so.[47] And a defendant's obligation is expressly limited to making "a prima facie claim."[48] Where the legislature has laid out different rules in these two analogous contexts, I would interpret the Pretrial Justification Statute to give meaning to those differences.[49]

---

[41] *State v. Smith*, 2024 UT 13, ¶ 35, 548 P.3d 874 (cleaned up); *see also State v. Pappas*, 588 P.2d 175, 176 (Utah 1978).

[42] *Smith*, 2024 UT 13, ¶ 35 (cleaned up) (emphasis added).

[43] *Id.* (holding that "[t]he bar for [an entrapment] motion is high" and putting the onus on the defendant to make a "showing" of entrapment as a matter of law).

[44] *See generally* UTAH CODE § 76-2-309(3).

[45] *See Smith*, 2024 UT 13, ¶ 35.

[46] UTAH CODE § 76-2-309(3)(b)–(c)(i).

[47] *Compare id.*, *with Smith*, 2024 UT 13, ¶ 35.

[48] UTAH CODE § 76-2-309(3)(b).

[49] *See Rushton*, 2017 UT 21, ¶ 11 ("We . . . interpret [a statute's] provisions in harmony with other statutes in the same chapter and related chapters . . . ." (cleaned up)); *Jensen v. Intermountain*

(continued . . .)

DURRANT, C.J., concurring in part, dissenting in part, and concurring in the judgment

¶71   Against this statutory backdrop, I would hold that a prima facie claim requires something less than the introduction of evidence. Having reached that threshold conclusion, I further conclude that the legislature intended a defendant to be able to make a prima facie claim of justification by proffer. Though the term is used in various contexts, generally a proffer is a procedural mechanism by which parties may tell the court what their evidence would show were it admitted.[50] The defendant must make a proffer of specific, known facts supporting each element of the asserted justification defense before the burden shifts to the State to disprove the justification defense by clear and convincing evidence. This approach would balance the statutory directives with the need for particular judicial factfinding in this pretrial proceeding.

¶72   In the pretrial justification process, the defendant—the one who allegedly used force—is best positioned to provide the facts underlying the justification claim. In many cases, the defendant alone has firsthand knowledge of the circumstances that led to the use of force. It is therefore reasonable to expect the defendant to provide more than conclusory allegations asserting justification. As the State points out, it "needs reasonable notice of what it must disprove" in the second stage of the hearing. In that stage, the State "has the burden to prove by clear and convincing evidence that the defendant's use or threatened use of force was not justified."[51] The State cannot meet that burden if the defendant has not articulated

_____

*Healthcare, Inc.*, 2018 UT 27, ¶ 25, 424 P.3d 885 ("We . . . sometimes find that the use of a term elsewhere shows that the Legislature knows how to use those terms, and would have used them again if it intended the same effect.").

[50] *See* 23A C.J.S. *Criminal Procedure & Rights of Accused* § 1693 (2025) ("An 'offer of proof' is generally described as allegations by an attorney to the court of what that attorney expects to prove through certain evidence."); *see also State v. Boyd*, 2001 UT 30, ¶ 36, 25 P.3d 985 ("A proffer is a mechanism by which a party may create an appellate record of what the evidence would have shown."); *State v. Richardson*, 2013 UT 50, ¶¶ 14, 21, 308 P.3d 526 (noting that a defendant proffered a description of specific acts evidence to allow the court to determine admissibility under rule 412 of the Utah Rules of Evidence).

[51] UTAH CODE § 76-2-309(3)(b).

any theory of how and why the use of force was justified. Without those facts, the State is left in an impossible position when trying to rebut the justification claim.

¶73 And the definitions of "prima facie" and "claim" both center around asserting facts that are facially sufficient to establish something, even though they have not yet been proven.[52] While allegations in a civil complaint may be based on good faith beliefs,[53] I would hold that to make a prima facie claim of justification in the pretrial context, a defendant must do slightly more, namely to base their proffer in their own actual knowledge of facts that would be borne out in evidence were they required to present it. I do not adopt the standard of the majority that is still a low standard but requires some evidence, akin to the directed verdict standard.[54] I believe that in a pretrial justification hearing, a defendant need not introduce evidence—let alone *prove* anything. But I do not believe the legislature intended the pretrial justification hearing to be a venue for unfounded claims of justification, which would deplete court resources by placing on the State the onerous burden of disproving these affirmative defenses not once but twice.

¶74 And the defendant's proffered facts would need to be specific enough that, if taken as true, they "establish a fact or raise

---

[52] *See Prima Facie*, BLACK'S LAW DICTIONARY (12th ed. 2024); *Claim*, BLACK'S LAW DICTIONARY (12th ed. 2024).

[53] *See* UTAH R. CIV. P. 11(b)(3) ("By presenting a pleading, written motion, or other paper to the court . . . an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . the allegations and other factual contentions have evidentiary support or . . . are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.").

[54] *Supra* ¶ 37 ("This is similar to what is required to survive a motion for a directed verdict at trial. . . . 'Where there is any evidence that raises a question of material fact, no matter how improbable the evidence may appear,' a directed verdict is improper." (cleaned up) (quoting *State v. Clara*, 2024 UT 10, ¶ 34, 546 P.3d 963)).

a presumption."[55] Taken together, the proffer must plausibly make a claim for justification that appears true at first glance.[56] A mere statement that "I acted in self-defense" would not be enough. Neither would a mere recitation of the elements.

¶75 In sum, though I would hold that, under the Pretrial Justification Statute, a defendant need not put on evidence to make a prima facie claim, I read the statute as requiring the defendant to proffer specific, known facts to support each element of the asserted justification defense. That proffer would be enough to shift the burden to the State and trigger the second phase of the hearing.[57]

¶76 The majority suggests that this reading of "prima facie claim" would render the second stage of the hearing "difficult" or even "unworkable."[58] Whether or not this is the case, the court's role is to give effect to the legislative language even if we think the resulting policy unwise or confusing.[59] Still, the second stage of the hearing may not be so unworkable under this reading as the majority perceives.

¶77 In the trial context, the State bears the burden to disprove justification only if something in the evidence first raises the issue of justification.[60] The pretrial hearing context is different because the burden to disprove justification arises based on the defendant's prima facie claim—which I would hold does not require the

---

[55] *Clara*, 2024 UT 10, ¶ 33 (quoting *Prima Facie* (adj.), BLACK'S LAW DICTIONARY (11th ed. 2019)).

[56] *See id.*

[57] UTAH CODE § 76-2-309(3)(b).

[58] *Supra* ¶ 39.

[59] *See Cox v. Laycock*, 2015 UT 20, ¶ 72, 345 P.3d 689 (Lee., J., concurring in part) ("[W]e must not override the statutory text with our sense of good policy in a case in which we deem the statute's formulation merely unwise or incongruous."); *Strohm v. ClearOne Commc'ns., Inc.*, 2013 UT 21, ¶ 32, 308 P.3d 424 ("The text of [the statute] is the governing public policy in this area. . . . By applying the statute as written, we remain faithful to the public policy embraced by the legislature.").

[60] *See Knoll*, 712 P.2d at 214; *Drej*, 2010 UT 35, ¶ 15.

defendant to introduce evidence. But the requirement that the prima facie claim, made by proffer, include "specific, known facts that support each element of the asserted justification defense"[61] means the State would be apprised of the defendant's theory of the case before it puts on its evidence. Given the State's burden to disprove the justification claim, the State would not be able to prevail at a pretrial justification hearing merely by proving the elements of the underlying crime. Rather, it would need to provide evidence disproving at least one element of the asserted defense by clear and convincing evidence. As at trial, the defendant could prevail without introducing evidence, but in many cases would desire to introduce evidence of the claimed justification defense to support the court in finding justification "as a matter of fact and law."[62]

¶78 Because I disagree with the majority's conclusion that the Pretrial Justification Statute requires a defendant to introduce evidence to make a prima facie claim of justification, I dissent from Part I of the majority's opinion. But I join the court's analysis in Part II and concur in the conclusion that Jennings failed to make a prima facie claim in this case.

––––––––––

[61] *Supra* ¶ 57.

[62] *See* UTAH CODE § 76-2-309(3)(a).